**UNITED STATES of America**

v.

**Thomas MARSH.**

**Civ. No. 1352.**

United States District Court
N. D. Indiana,
Hammond Division, at Lafayette.

June 29, 1956.

Phil M. McNagny, Jr., U. S. Atty., Ft. Wayne, Ind., Edmund A. Schroer, Asst. U. S. Atty., Hammond, Ind., for plaintiff.

George E. Weigle, Lafayette, Ind., for defendant.

PARKINSON, District Judge.

This is an action under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., seeking injunctive relief, refund of the excess over alleged maximum rents received, and damages.

At a pre-trial conference it was stipulated by the parties that the sole question to be determined by the court upon the trial on the merits was as to whether or not the real estate involved was exempt from control under the provisions of Section 202(c) of the Housing and Rent Act of 1947.

The cause was submitted to the court on an agreed stipulation of facts and the parol testimony of the defendant and two witnesses called by him. The facts are, therefore, undisputed and the core question for decision by this court is whether or not there was a conversion by the defendant creating additional housing accommodations effecting a decontrol under the 1947 Act.

The facts are that the defendant and his wife purchased the property on June 1, 1948 when it was a one-family two-story dwelling and had always been since it was built many, many years before; that the defendant employed Dale Yost of Dayton, Indiana to do the work and he installed a kitchen and a bathroom upstairs and made other improvements at a cost of $894.76; that the defendant put in a gas kitchen stove and electric refrigerator upstairs in the new kitchen, and installed a new furnace and ran the outlets to both apartments.

This work was done after June 1, 1948 and before April 1, 1949, the effective date of the 1949 Act, and the defendant rented the downstairs apartment to one family and the upstairs apartment to another family.

In the opinion of this court, the evidence conclusively shows that the defendant, subsequent to February 1, 1947 and prior to April 1, 1949, converted a one-family dwelling house into a two-apartment building and thereby created, by conversion, additional housing accommodations effecting a removal from control under the statute.

Therefore, the court having considered all the evidence, the arguments of counsel, and the law applicable thereto, does now make the following

### Findings of Fact

**1.**

This court has jurisdiction of the parties to and the subject matter of this action.

**2.**

On June 1, 1948, the defendant and his wife, Maud B. Marsh, acquired title to the real estate, the rents to the building thereon located on R. F. D. 5, Lafayette, Indiana being in controversy herein, by warranty deed as tenants by the entirety from Caroline E. Wile.

**3.**

On June 1, 1948, said building was a one-family two-story dwelling and continuously for 35 years prior thereto had been owner occupied as a one-family dwelling and had never been rented.

**4.**

Between June 24, 1948 and August 9, 1948, the defendant, Thomas Marsh, made changes and improvements in said dwelling by installing a new furnace therein with outlets to both the downstairs and upstairs; by installing a new kitchen and bathroom in the upstairs and having the necessary plumbing done to pipe and run hot and cold water thereto at a cost of $894.76, and in all making such changes in construction to make a one-family apartment in the downstairs and a one-family apartment in the upstairs and thereby converting the building from a single-family dwelling into a two-apartment building for the accommodation of two families instead of one.

**5.**

The defendant also installed an electric refrigerator and gas kitchen stove in the upstairs apartment and laid new floors and redecorated at his expense.

**6.**

The defendant created additional housing accommodations by conversion of said dwelling from a single-family unit into a two-apartment two-family building after February 1, 1947 and prior to April 1, 1949.

**7.**

After the defendant created additional housing accommodations by conversion from a one-family dwelling into a two-apartment building he rented the downstairs, or lower apartment, to one family and rented the upstairs, or upper apartment, to another family.

**8.**

By creating additional housing accommodations by conversion of said building from a single-family dwelling into a two-apartment dwelling to accommodate two families instead of one, the defendant effected a decontrol of said building from the provisions of the Housing and Rent Act of 1947.

**9.**

Upon the conversion of said building from a single-family unit into a two-apartment or two-family unit it was immediately no longer under control by virtue of the Housing and Rent Act of 1947, as amended.

**10.**

The defendant has not violated the Housing and Rent Act of 1947, as amended.

Upon the foregoing findings of fact, the court states its

### Conclusions of Law

**1.**

This court has jurisdiction of the parties to and the subject matter of this action.

**2.**

The construction and remodeling work done by the defendant in changing said one-family dwelling into a two-family dwelling after February 1, 1947 and prior to April 1, 1949 constituted additional housing accommodations created by conversion.

**3.**

The creation of additional housing accommodations by conversion by the defendant decontrolled the property under

the provisions of the Housing and Rent Act of 1947.

**4.**

The creation by the defendant of additional housing accommodations by conversion removed the property of the defendant and his wife, Maud B. Marsh, from control under the Housing and Rent Act of 1947, as amended.

**5.**

The Office of Rent Stabilization had no jurisdiction over the property of the defendant on October 12, 1951, and the orders thereof fixing the maximum rents to be charged were null and void and of no force and effect.

**6.**

The plaintiff is not entitled to recover herein.

**7.**

The defendant is entitled to a judgment that the plaintiff take nothing by reason of its complaint herein.

The clerk will enter judgment that the plaintiff take nothing by reason of its complaint herein.